## PEOPLE *v.* EWER.

*(Supreme Court, Special Term, New York County. July, 1892.)*

1. CONSTITUTIONAL LAW—PROHIBITING PUBLIC EXHIBITION OF CHILD.

　　Pen. Code, § 292, making it a misdemeanor for the parent of a female child under the age of 14 years to procure or consent to the employment or exhibition of the child as a dancer, is not unconstitutional as an infringement of the parent's rights, or the rights of the child, but is a valid police regulation.

2. SAME—REVIEW OF LEGISLATIVE DECISION.

　　The legislature, in enacting such law, having determined that it was necessary in order to protect the health and morals of children, the courts will not review its decision on the ground that the law infringes the rights of parents in some particular case.

At chambers. Charlotte Ewer, having been arrested for permitting her seven-year-old daughter, Mildred Ewer, known as "La Regaloncita," to appear as a dancer on the stage, obtained writs of *habeas corpus* and *certiorari.* The people moved to dismiss the writs. Motion granted.

*Elbridge T. Gerry*, for the People. *A. J. Dittenhoefer*, for defendant.

ANDREWS, J. Section 292 of the Penal Code provides, among other things, that a person who, having the care, custody, or control of a female child under the age of 14 years as parent, procures or consents to the employment or exhibition of such child as a dancer, is guilty of a misdemeanor. The defendant, who is the mother of an infant girl, seven years of age, was arrested upon a charge of having violated this statute, and, having waived an examination, was held for trial, and the question of the legality of her commitment is now brought before this court by writs of *habeas corpus* and *certiorari.* The sole ground upon which it is claimed that the defendant should be discharged is that the above-cited provisions of the Penal Code are unconstitutional. The first contention is that said provisions of the Penal Code are unconstitutional, because they infringe upon a parent's right to the custody and services of his child. It is conceded that for reasons which concern both the state and the children themselves, the legislature has the power to prevent parents from employing their children, or permitting them to be employed, in any indecent or immoral exhibition or practice, or in any practice or exhibition dangerous or injurious to the life, limb, health, or morals of the children. Indeed, in view of the various laws passed for the protection of children against the acts of their parents by this state, and by every other civilized state in the world, and the validity of which has never been questioned, the learned counsel for the defendant could not well avoid making this concession. But, says counsel, the legislature cannot go further, and take from the parent the right to employ a child in a lawful occupation, not indecent or immoral, and not dangerous or injurious to the life, limb, health, or morals of the child; and while the nightly exhibition of very young girls as dancers, in public theaters, concert halls, and dance houses, may, in many cases, be injurious to their health or morals, nevertheless, in this particular case, the nightly exhibition by the defendant of her little girl, as a dancer, in a separate piece, performed in a respectable theater, could not injure the health or morals of the child; and therefore the above-cited provisions of the Penal Code, which forbid the mother to permit such exhibition, are unconstitutional. It seems to me that the mere statement of this argument is a refutation of it. But, to go further; in the first place, counsel assumes, without a particle of evidence, that the defendant's child, which is of the age of seven years, will not be injured in health or morals by being continuously exhibited as a dancer; and, as this assumption is wholly unwarranted, the argument, which rests entirely upon it, necessarily falls to the ground. But assuming that in this present case, and in some other cases, young girls may be exhibited as dancers without injury to their health or morals, that fact does not

tend to establish that the act in question is unconstitutional. The legislature is vested with the entire police power possessed by the people of this state, and in having determined that it is for the best interest of the state and of young girls that they should not be exhibited as dancers before they reach the age of 14 years, its decision is final, and is not subject to review by the courts upon the ground that the law infringes upon the rights of parents in some particular cases. It is said that the statute is a violation of this liberty secured to the infant by the constitution; in other words, that in the present case a female child, of the age of seven years, has a constitutional right to exhibit herself as a dancer. This claim seems to me to have no foundation whatever. In this state, and in every civilized community, children are under many liabilities. In most jurisdictions they cannot make contracts; their earnings belong to their parents, to whom also they must render obedience; they cannot marry before certain ages; they are not allowed to purchase intoxicating liquors, nor to attend theaters, except in company with adults; and the male infant is not allowed to vote until he reaches the age of 21 years. In view of these and many other restrictions, which have been imposed upon the "liberties" of infants, it is certainly a most extraordinary doctrine, and one which finds no support in our constitution, that girls of the age of seven years have an inalienable right to publicly exhibit themselves as dancers, of which they cannot be deprived by an act of the legislature. Various cases are referred to by defendant's counsel, but they lend no support to the views set forth in his brief. All that was decided in those cases was that the legislature could not, under pretense of protecting the health or morals of the community, prevent the carrying on of particular kinds of business in certain places, or the manufacturing of certain articles. In the case at bar no such question can arise, for there can be no question but that the above-cited provisions of the Penal Code were adopted by the legislature in good faith, with the sole purpose of protecting the health and morals of children. The writs of *habeas corpus* and *certiorari* must be dismissed.